IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WALBERTO HERNÁNDEZ-REYES, Plaintiff, v. CT RADIOLOGY COMPLEX LLC, Defendant. | CIV. NO. 21-1372 (SCC) |

**OPINION AND ORDER**

Plaintiff Walberto Hernández-Reyes brings this lawsuit against CT Radiology Complex LLC, claiming that it has violated the Americans with Disabilities Act and its implementing regulations by failing to remove barriers that interfere with his use and enjoyment of its property. Docket No. 9-1 (certified translation of complaint). CT Radiology has moved the Court under Federal Rule of Civil Procedure 12(e) to order Hernández-Reyes to provide a more definite statement. Docket No. 7. We deny its motion.

Rule 12(e) allows a party who is required to respond to a pleading to ask the Court to order the pleader to submit a

more definite statement where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). But this rule is interpreted narrowly. Motions under it are disfavored and generally granted only if the complaint is "unintelligible." Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 12 (2021 ed.); *see also Kahalas v. Schiller*, 164 F. Supp. 3d 241, 248 (D. Mass. 2016) (stating that Rule 12(e) "is designed to remedy unintelligible pleadings, not merely to correct for lack of detail").

A Rule 12(e) motion must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). CT Radiology claims that it is unable to respond to Hernández-Reyes's complaint because it does not provide: (1) the "specific time" he visited its property, (2) the "service(s) he went [there] to acquire," (3) "how he visited" its property, (4) where he parked, (5) "the specific 'barriers' that he allegedly encountered," (6) "if he requested auxiliary aids or services," and (7) "how he [was] deprived from the service or

| HERNÁNDEZ-REYES V. CT RADIOLOGY COMPLEX LLC | Page 3 |
|---|---|

goods provided by [CT Radiology] because of his disability." Docket No. 7, pgs. 4–5. But as Hernández-Reyes's points out in his opposition,[1] his complaint does contain some of these details. And the ones that it does not contain are not needed for CT Radiology "to respond intelligently." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). First, Hernández-Reyes's complaint provides the date that he visited CT Radiology's property. Docket No. 9-1 (stating that he last visited the property on June 25, 2021). CT Radiology does not need the "specific time" of day to prepare its response. Second, third, and fourth, CT Radiology does not need to know why Hernández-Reyes visited its property, how he got there, or the precise place he parked to respond to his complaint. For none of these details is required to put CT

---

1. The Court hereby puts both parties on notice that we will not accept future filings that do not comply with our local rules. Hernández-Reyes's opposition is seventeen pages. *See* Docket No. 10. Our local rules, however, limit oppositions to non-dispositive motions to fifteen (15) pages. D.P.R. Civ. R. 7(e). We encourage both parties to ensure that their filings comply with our local rules before submitting them.

| HERNÁNDEZ-REYES V. CT RADIOLOGY COMPLEX LLC | Page 4 |
|---|---|

Radiology on notice of his claims nor does lacking these details hinder its ability to formulate a response. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 n.4 (11th Cir. 2014).

Fifth, Hernández-Reyes's complaint describes the specific barriers he encountered. But because CT Radiology appears to have overlooked these allegations, we will recount a few of them here. Hernández-Reyes, who suffers from spina bifida, claims that, among other barriers, "there is no access route from the parking spaces or the sidewalk up to an accessible entrance without stairs," "there are not the required number of accessible parking spaces," "[s]ignage in the parking area is placed in a manner that is not consistent with applicable regulations," and the service counters do not comply with the regulations that govern their configuration and dimensions. Docket No. 9-1, pgs. 7–10. He also provides pictures of these barriers, describing them in greater detail in the appendices to his complaint. *See id.* at 29–51.

Sixth, CT Radiology does not need to know whether Hernández-Reyes requested auxiliary aids or services in

| HERNÁNDEZ-REYES V. CT RADIOLOGY COMPLEX LLC | Page 5 |
|---|---|

order to draft its response. *Cf. LaLonde v. Textron, Inc.*, 369 F.3d 1, 6 & n.10 (1st Cir. 2004) (explaining that a Rule 12(e) motion is proper where the allegations are not specific enough to place the responding party on notice "of the nature of the charges it faces"). And seventh, Hernández-Reyes has explained his theory of how he was "deprived from the service or goods provided by [CT Radiology] because of his disability." He says that various barriers interfered with his access to CT Radiology's goods and services by deterring him from visited the property, Docket No. 9-1, pgs. 7–10, and then he later describes these barriers, *id.* Because he has provided this detail, there is no need for us to order him to do so.

In sum, the Court **DENIES** CT Radiology's motion for a more definite statement (Docket No. 7). It has fourteen (14) days to file its answer. FED. R. CIV. P. 12(a)(4)(A).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of January 2022.

    S/ SILVIA CARREÑO-COLL
    UNITED STATES DISTRICT COURT JUDGE